**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| ALLAN DOUGLAS SCHUBERT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 12-CV-0377-CVE-TLW |
| ) | |
| CURTIS HOOD; GLENN WALDEN; ) | |
| REBECCA GUESS; JOHN DOE; ) | |
| DALE CANTRELL; JANE STANDIFIRD, ) | |
| ) | |
| Defendants. ) | |

**OPINION AND ORDER**

This is a 42 U.S.C. § 1983 civil rights action commenced by Plaintiff, a state inmate appearing pro se. On December 27, 2012, Defendants Cantrell, Guess, and Walden filed a Special Report (Dkt. # 24) and a motion to dismiss or, in the alternative, motion for summary judgment (Dkt. # 25). After receiving leave of Court, see Dkt. # 23, Defendants filed Attachment 4 of the Special Report under seal (Dkt. # 26). Plaintiff filed a response (Dkt. # 31) to Defendants' dispositive motion. By Order filed January 16, 2013 (Dkt. # 30), Defendants Hood and Standifird were dismissed from this action without prejudice based on Plaintiff's failure to effect timely service pursuant to Fed. R. Civ. P. 4(m). In addition to his response, Plaintiff has also filed a motion to reconsider the dismissal of Defendants Hood and Standifird (Dkt. # 32), a motion for summary judgment (Dkt. # 33), and a "motion to submitt [sic] evidence after pleadings" (Dkt. # 38). Defendants filed a response to Plaintiff's motion for summary judgment (Dkt. # 36). For the reasons discussed below, the Court finds that Defendants' motion to dismiss/motion for summary judgment shall be granted. Plaintiff's motions for summary judgment and to reconsider shall be declared moot.

As a preliminary matter, the Court will address Plaintiff's "motion to submitt [sic] evidence after pleadings" (Dkt. # 38). In that motion, Plaintiff requests permission to supplement the record

with two letters he received after he filed his response to Defendants' dispositive motion. The Court finds Plaintiff's motion to supplement shall be granted. The Court has considered the supplemental letters in its review of the issues in this case.

## *BACKGROUND*

The record reflects that on April 19, 2011, Plaintiff was incarcerated at Dick Conner Correctional Center (DCCC), a medium security facility located in Hominy, Oklahoma. On that date, at about 7:50 p.m., there was a serious altercation at DCCC involving Hispanic and white offenders. Five (5) inmates received cuts and stab wounds. See Dkt. # 24, Attachment 2. Plaintiff claims that, a few hours later, at approximately 1:00 or 2:00 a.m., he and other prisoners of Mexican descent[1] were escorted to the Segregated Housing Unit where they were interviewed concerning their knowledge of and involvement in the altercation. See Dkt. # 1. Plaintiff claims he told the investigator who interviewed him that he had no knowledge of the incident. He alleges that the investigator accused him of failing to cooperate and threatened to write a misconduct report for his involvement in the incident. Id. The day after the altercation, April 20, 2011, Plaintiff was transferred to Oklahoma State Penitentiary (OSP), a high security facility.

On April 28, 2011, Plaintiff was charged with Battery, a code 04-4X violation, for "participating in an activity that directly resulted in the intentional injury of another person." See Dkt. # 24, Attachment 3. On May 19, 2011, Defendant Rebecca Guess, Case Manager, delivered the Offense Report to Plaintiff. Id. Defendant Dale Cantrell, OSP's Disciplinary Officer, held a disciplinary hearing on June 3, 2011. Id. Based on Plaintiff's purported confession and a confidential

---

[1] Plaintiff explains that while he has a "European" surname, his father is Mexican and he is listed in DOC's computer database as Hispanic. See Dkt. # 1.

statement,[2] see Dkt. # 26, Attachment 4, Defendant Cantrell found Plaintiff guilty of the misconduct offense, see Dkt. # 24, Attachment 3. As a result of being found guilty, Plaintiff received the following sanctions: 30 days in the disciplinary unit, revocation of 365 days earned credits, and 90 days at classification level 1.  See id.

Based on the events surrounding the altercation at DCCC and the subsequent disciplinary proceedings, Plaintiff filed this civil rights action on July 5, 2012.  In his complaint (Dkt. # 1), Plaintiff identifies seven (7) counts, as follows:

| | |
|---|---|
| Count I: | U.S. Constitution 14th Amen., Okla. Constitution, Art. 2 & 7, Due Process. Retaliation/punishment without due process. |
| Count II: | U.S. Constitution 8th Amend., Okla. Constitution, Art. 2 & 9, Cruel and Unusual Punishment. Malicious Intent. |
| Count III: | U.S. Constitution 14th Amen., Okla. Constitution, Art. 2 & 2 [sic], Equal Protection of the Laws. Racial Discrimination. |
| Count IV: | U.S. Constitution 14th Amen., Okla. Constitution, Art. 5 & 59, Procedural Due Process, Uniformity of procedure. DOC to follow own rules. |
| Count V: | U.S. Constitution 14th Amend., Okla. Constitution, Art. 2 & 7, Due Process. Biased investigator. |
| Count VI: | U.S. Constitution 8th Amen. Deliberate indifference. |
| Count VII: | U.S. Constitution 14th Amend., Okla. Constitution, Art. 2 & 7, Due Process. |

---

[2] The record contains the affidavit of Curtis Hood, Chief of Security at DCCC from July 8, 1991, to August 31, 2011.  See Dkt. # 24 at 19.  Hood avers that on April 20, 2011, Plaintiff admitted that he assaulted other inmates on April 19, 2011, at DCCC.  The record also contains a confidential statement, filed under seal. See Dkt. # 26. The confidential statement, dated May 11, 2011, and provided to the Disciplinary Chair Person, inculpated Plaintiff in the April 19, 2011, incident.  See id.

Arbitrary and capricious finding.

(Dkt. # 1). Plaintiff seeks declaratory judgment, nominal and punitive damages, "mental pain and anguish judgment," "reservation to have a relief/judgment hearing as to judgment or amount of relief entitlement," and "any other relief the Court may deem appropriate." Id.

In response to the complaint, Defendants filed a motion to dismiss, or in the alternative, motion for summary judgment (Dkt. # 25), asserting six (6) bases for dismissal or entry of summary judgment, as follows: (1) Defendants are immune from suit in their official capacity, (2) Plaintiff failed to affirmatively link these defendants to any alleged constitutional violations, (3) Plaintiff has failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act, (4) Plaintiff cannot establish a claim for retaliation based on these alleged facts, (5) Plaintiff has failed to establish a due process violation, and (6) these Defendants are entitled to qualified immunity. See Dkt. # 25. Plaintiff filed a response (Dkt. # 31) to the motion to dismiss or, in the alternative, motion for summary judgment.

For the reasons discussed below, the Court finds that to the extent Plaintiff has sued Defendants in their official capacity, Plaintiff's claim for damages is barred by Eleventh Amendment immunity. In addition, Plaintiff has failed to exhaust his administrative remedies for any claim challenging the misconduct, as provided in OP-060125, "Department Offender Disciplinary Procedures," and he has failed to follow procedures to fully exhaust administrative remedies for any grievable claim contained in his complaint, as provided in OP-090124, Part II, "Grievance Procedure Guidelines."

*ANALYSIS*

**A. Summary judgment standard**

The Court may grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). When reviewing a motion for summary judgment, the Court must view the evidence in the light most favorable to the nonmoving party. Applied Genetics Int'l, Inc. v. First Affiliated Secs., Inc., 912 F.2d 1238, 1241 (10th Cir. 1990). "However, the nonmoving party may not rest on its pleadings but must set forth specific facts showing that there is a genuine issue for trial as to those dispositive matters for which it carries the burden of proof." Id. The Court cannot resolve material factual disputes at summary judgment based on conflicting affidavits. Hall v. Bellmon, 935 F.2d 1106, 1111 (10th Cir. 1991). However, the mere existence of an alleged factual dispute does not defeat an otherwise properly supported motion for summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). Only material factual disputes preclude summary judgment; immaterial disputes are irrelevant. Hall, 935 F.2d at 1111. Similarly, affidavits must be based on personal knowledge and set forth facts that would be admissible in evidence. Id. Conclusory or self-serving affidavits are not sufficient. Id. If the evidence, viewed in the light most favorable to the nonmovant, fails to show that there exists a genuine issue of material fact, the moving party is entitled to judgment as a matter of law. See Anderson, 477 U.S. at 250.

Where a pro se plaintiff is a prisoner, a court authorized "Martinez Report" (Special Report) prepared by prison officials may be necessary to aid the Court in determining possible legal bases for relief for unartfully drawn complaints. See Hall, 935 F.2d at 1109. The Court may treat the "Martinez Report" as an affidavit in support of a motion for summary judgment, but may not accept the factual findings of the report if the Plaintiff has presented conflicting evidence. Id. at 1111. The

Plaintiff's complaint may also be treated as an affidavit if it is sworn under penalty of perjury and states facts based on personal knowledge. Id. The Court must also construe Plaintiff's pro se pleadings liberally for purposes of summary judgment. Haines v. Kerner, 404 U.S. 519, 520 (1972). When reviewing a motion for summary judgment it is not the judge's function to weigh the evidence and determine the truth of the matter but only to determine whether there is a genuine issue for trial. Anderson, 477 U.S. at 249.

**B. Standard for dismissal**

To avoid dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6), a complaint must present factual allegations, assumed to be true, that "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). The complaint must contain "enough facts to state a claim to relief that is plausible on its face." Id. at 570. A court must accept all the well-pleaded allegations of the complaint as true, even if doubtful in fact, and must construe the allegations in the light most favorable to the plaintiff. Id. at 555. However, "when the allegations in a complaint, however true, could not raise a [plausible] claim of entitlement to relief," the cause of action should be dismissed. Id. at 558. The Court applies the same standard of review for dismissals under 28 U.S.C. § 1915(e)(2)(B)(ii) that is employed under Fed. R. Civ. P. 12(b)(6) motions to dismiss for failure to state a claim. Kay v. Bemis, 500 F.3d 1214, 1217-18 (10th Cir. 2007).

A pro se plaintiff's complaint must be broadly construed under this standard. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Haines v. Kerner, 404 U.S. 519, 520 (1972). The generous construction to be given the pro se litigant's allegations "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." Hall, 935 F.2d at

6

1110. A reviewing court need not accept "mere conclusions characterizing pleaded facts." Bryson v. City of Edmond, 905 F.2d 1386, 1390 (10th Cir. 1990); see also Twombly, 550 U.S. at 555 ("While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." (quotations and citations omitted)). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." Whitney v. New Mexico, 113 F.3d 1170, 1173-74 (10th Cir. 1997). Thus, "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." Hall, 935 F.2d at 1109-10.

## C.  Official capacity -- Eleventh Amendment immunity

It is unclear from the civil rights complaint whether Plaintiff has sued Defendants in both their individual and official capacities. However, to the extent Plaintiff has sued Defendants in their official capacities as employees of the Oklahoma Department of Corrections, an agency of the State of Oklahoma, the Court finds Plaintiff's complaint fails to state a claim upon which relief may be granted.  It is well-established that the Eleventh Amendment precludes an individual from suing a state in federal court. See, e.g., Will v. Mich. Dep't of State Police, 491 U.S. 58 (1989); Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100 (1984); Sturdevant .v Paulsen, 218 F.3d 1160, 1164 (10th Cir. 2000) (holding that Eleventh Amendment bars claims for damages against entities that are arms or instrumentalities of a state). States, other governmental entities acting as "arms of the state," and state officials acting in their official capacities, are not "persons" within the meaning of § 1983 and are entitled to Eleventh Amendment immunity. Will, 491 U.S. at 70-71.  As a result,

Plaintiff's damages claims against Defendants, to the extent they are sued in their official capacities as employees of the Oklahoma Department of Corrections, shall be dismissed without prejudice based on Eleventh Amendment immunity.

**D.  Exhaustion of administrative remedies**

Pursuant to the Prison Litigation Reform Act (PLRA), "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).  This provision applies "to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002). Moreover, exhaustion of administrative remedies under the PLRA is required for all inmates seeking relief in federal district court regardless of the type of relief available under the institutional administrative procedure.  Woodford v. Ngo, 548 U.S. 81 (2006); Booth v. Churner, 532 U.S. 731, 741 (2001). The statutory exhaustion requirement is mandatory, and this Court is not authorized to dispense with it. See Beaudry v. Corr. Corp. of America, 331 F.3d 1164, 1167 n.5 (10th Cir. 2003).  There is no futility exception to § 1997e(a)'s exhaustion requirement. Booth, 532 U.S. at 741 n. 6 ("[W]e stress the point . . . that we will not read futility or other exceptions into statutory exhaustion requirements where Congress has provided otherwise.").

To satisfy the exhaustion requirement, an inmate must comply "with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." Ngo, 548 U.S. at 90-91. As a

result, "the PLRA exhaustion requirement requires proper exhaustion." Id. at 93; see also Jones v. Bock, 549 U.S. 199 (2007); Jernigan v. Stuchell, 304 F.3d 1030, 1032 (10th Cir. 2002).

As part of the motion for summary judgment, Defendants provide "Offender Disciplinary Procedures," OP-060125, as promulgated by the Oklahoma Department of Corrections (ODOC). See Dkt. # 25, Ex. 1. Policies governing investigations of misconduct, disciplinary hearings, and administrative remedies for misconducts are contained in OP-060125. Defendants also provide ODOC's "Offender Grievance Process," OP-090124. See Dkt. # 25, Ex. 3. Policies governing the grievance process, including the identification of grievable issues and non-grievable issues, informal and formal processes, the review and appeal processes, and emergency or sensitive grievances are contained in OP-090124. To complete the administrative review process required under the PLRA, Plaintiff was required to complete all steps, including a final appeal of the decision by the facility head to the Administrative Review Authority (ARA), the ODOC Director/Director's Designee, pursuant to the appropriate procedures found in OP-060125 or OP-090124.

Although Plaintiff attempted to appeal various issues to the Director's Designee, his five (5) attempted appeals were returned unanswered based on his failure to comply with the applicable procedures governing appeals of misconducts (OP-060125) and appeals submitted as part of the grievance process (OP-090124). See Dkt. # 25, Ex. 2. The record of Plaintiff's efforts to perfect an administrative appeal reflects the following:

- On June 15, 2011, Plaintiff submitted a grievance, not a misconduct appeal, to the ARA, complaining that the disciplinary hearing had not been held and that only "Mexican" offenders suspected of being involved in the altercation were transferred to OSP while the white offenders remained at DCCC. See Dkt. # 25, Ex. 2 at page 3-4 of 23. The grievance was returned unanswered because, under OP-090124, Section II.B.1, misconducts are not "grievable" issues. Id. at page 2 of 23. In addition, Plaintiff was advised that he could only raise one issue in an appeal. Id.

9

- On June 23, 2011, Plaintiff sent a second grievance to the ARA, claiming that the misconduct investigator was biased and that the reporting officer falsified the misconduct report and had malicious intent. Id. at page 7 of 23. He claimed that his misconduct should be expunged and that he should receive a sentence credit of 720 days. Id. at 8 of 23. That grievance was returned unanswered because of a procedural deficiency. Id. at page 6 of 23. The Director's Designee specifically advised Plaintiff that he "cannot utilize the Inmate/Offender Grievance Process (OP-090124) to appeal a misconduct received through OP-060125." Id.

- On June 30, 2011, Plaintiff submitted a Request to Staff, addressed to the Director's Designee, explaining that in his two (2) prior grievances, he was "not appealing a misconduct but the conduct of the reporting officer, C. Hood, and the investigator, R. Guess." Id. at page 11-12 of 23. That correspondence was again returned unanswered because of procedural deficiencies. Id. at page 10 of 23. Plaintiff was further advised that to file a grievance, he was required to follow the guidelines set forth in OP-090124. Id.

- On July 22, 2011, Petitioner submitted his third grievance to the ARA, marked "SENSITIVE," and claiming that the warden had not answered his misconduct appeal. Id. at page 18 of 23. Again, the grievance was returned unanswered for procedural deficiencies and with instructions to correct the error. Id. at page 17 of 23.

- On August 3, 2011, Plaintiff submitted his fourth grievance to the ARA, again marked "SENSITIVE," and alleging that the warden and the assistant warden were conspiring to deprive him of due process. Id. at page 22 of 23. The grievance was returned unanswered based on a procedural deficiency. Id. at page 20 of 23. In addition, the Director's Designee issued a "grievance restriction warning" based on Plaintiff's "submission of grievances with continued procedural error." Id. at page 21 of 23.

See Dkt. # 25, Ex. 2.

The Court finds that the evidence, viewed in the light most favorable to Plaintiff, fails to show that there exists a genuine issue of material fact as to whether Plaintiff satisfied the exhaustion requirement of the PLRA prior to commencing this action. He did not. Plaintiff's claims in this case fall squarely within the PLRA's exhaustion requirement because Plaintiff was "confined in any jail, prison, or other correctional facility" when his claims arose. Cf. Robbins v. Chronister, 402 F.3d 1047, 1054 (10th Cir. 2005) ("Constitutional claims arising *before* the events causing the plaintiff's

10

incarceration are unrelated to prison confinement."). In support of their dispositive motion, Defendants present evidence demonstrating that Plaintiff failed to exhaust his administrative remedies because he never perfected an appeal to the ARA with regard to any of his claims. See Dkt. # 25, Ex. 2. Furthermore, upon careful review of the material submitted by Plaintiff to the ARA, the Court finds that Plaintiff's attempted administrative appeals involved issues raised in Counts II-V of the complaint. No evidence suggests that Plaintiff ever attempted to exhaust administrative remedies for Counts I, VI, and VII. The record before this Court demonstrates that Plaintiff failed to exhaust administrative remedies for his claims, either by failing to even begin the administrative review process for the claims raised in Counts I, VI, and VII , or by failing to follow proper administrative procedures for the claims raised in Counts II-V.  Defendants are entitled to summary judgment based on Plaintiff's failure to exhaust administrative remedies.  Plaintiff's claims shall be dismissed without prejudice.  Because the record demonstrates that Plaintiff has failed to exhaust administrative remedies, it is unnecessary to address Defendants' alternative grounds for dismissal/summary judgment.

**E.  Plaintiff's pending motions**

Based on the Court's determination that Defendants are entitled to judgment as a matter of law on the issue of exhaustion, Plaintiff's motions for summary judgment (Dkt. # 33) and to reconsider the dismissal of Defendants Hood and Standifird for failure to effect timely service of process (Dkt. # 32) have been rendered moot.

## *CONCLUSION*

Viewing the evidence in the light most favorable to Plaintiff, the Court finds that Defendants, insofar as they are sued in their official capacity, are immune from §1983 liability under the Eleventh Amendment. Insofar as they are sued in their individual capacity, Defendants have demonstrated that Plaintiff failed to exhaust administrative remedies prior to filing this action. Because Plaintiff has failed to controvert Defendants' summary judgment evidence, Defendants are entitled to judgment as a matter of law on the issue of exhaustion. The complaint shall be dismissed without prejudice for failure to exhaust administrative remedies.

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1. Plaintiff's "motion to submitt [sic] evidence after pleadings" (Dkt. # 38) is **granted**.

2. Defendants' motion to dismiss or in the alternative motion for summary judgment (Dkt. # 25) is **granted** as follows:

   a. To the extent Defendants are sued in their official capacities as employees of the Oklahoma Department of Corrections, their motion to dismiss is **granted** and Plaintiff's claims are **dismissed without prejudice** based on Eleventh Amendment immunity.

   b. Defendants' motion for summary judgment is **granted** on the issue of exhaustion of administrative remedies. Plaintiff's claims against Defendants in their individual capacities are **dismissed without prejudice** based on Plaintiff's failure to exhaust administrative remedies.

3. Plaintiff's motions for summary judgment (Dkt. # 33) and for reconsideration (Dkt. # 32) are **declared moot**.

4. This is a final order terminating this action.

**DATED** this 18th day of September, 2013.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE